# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YUAN XIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10 C 6777 |
| | ) |
| HOSPIRA, INC., CHRIS HAGEN, | ) |
| DOROTHEA STOLL, THOMAS E. | ) |
| WERNER, and CHRISTOPHER B. | ) |
| BEGLEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Yuan Xie sued Hospira, Inc., Chris Hagen, Dorothea Stoll, Thomas E. Werner, and Christopher B. Begley (collectively "Hospira"), contending that they retaliated against him for reporting alleged violations of the Sarbanes-Oxley Act ("SOX") by his immediate supervisor, Hagen. Hospira has moved for summary judgment. In response, Xie, who is proceeding *pro se*, filed a Rule 56(d)[1] affidavit seeking additional discovery to enable him to respond to Hospira's motion. Hospira opposes Xie's request. For the reasons stated below, the Court orders Hospira to produce the

---

[1] Xie filed his affidavit pursuant to Rule 56(f). As a result of amendments to Rule 56 that took effect on December 1, 2010, subdivision (d) now governs a party's request for additional discovery prior to responding to a summary judgment motion. Despite this amendment, "[t]he substance of the rule has not materially changed." *Godin v. Schencks*, 629 F.3d 79, 91 n.19 (1st Cir. 2010); *see also* Fed. R. Civ. P. 56, 2010 advisory committee note ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

materials Xie requests in paragraphs eight, nine, and twelve of his affidavit but otherwise denies Xie's request for discovery.

## Background

Hospira is an Illinois-based corporation that develops, manufactures, and sells medical delivery systems, pharmaceuticals, and other medical devices. Xie was employed as a deferred margin analyst in Hospira's global manufacturing operations division between May 21, 2007 and April 16, 2009. Xie reported to Chris Hagen, supervisor of international operations finance. Hagen's supervisor was Dorothea Stoll, director of global finance process management. Begley and Werner are the CEO and CFO of Hospira, respectively.

On February 19, 2009, Xie met with Hagen for his 2008 performance review. Hospira's internal review process classifies employees on a four-level scale based on their ability to meet or exceed their goals. Xie was classified as "IR," or "Improvement Required," the lowest of the four performance ratings. Xie disagreed with the review and drafted a long written response (the "rebuttal"). In addition to defending his own performance record at Hospira, Xie's rebuttal accused Hagen of two SOX violations: (1) evading Hospira's internal control mechanisms for SOX compliance by requiring Xie to sign off on Hospira's "rollforward" schedules, and (2) hiding a $6 million error in a rollforward Excel file used by Hospira to keep track of deferred margins. Xie delivered his rebuttal to Stoll in a second performance review meeting on March 10, 2009.

On April 16, 2009, Hospira terminated Xie's employment. Hospira contends that Xie's termination occurred as a result of a companywide layoff process called "Project Fuel," in which Hospira sought to streamline its organizational structure by reducing its

workforce.  According to Hospira, Xie's unsatisfactory performance record made his position a target for elimination pursuant to Project Fuel more than a month before Xie gave his rebuttal to Stoll.  Xie contends that he was terminated in retaliation for accusing Hagen of violating SOX.

Xie initially pursued his retaliation claim before an administrative law judge ("ALJ") at the U.S. Department of Labor.  During these proceedings, Xie served a significant number of document requests and interrogatories on Hospira and deposed two current Hospira employees, Hagen and Stoll, as well as two former employees, Jeff McGuire and Val Yien.  Hospira also deposed Xie and later filed a motion for summary decision, the equivalent of a summary judgment motion.  On September 8, 2010, before the deadline for his response to Hospira's motion, Xie informed the ALJ that he intended to pursue his retaliation claim in federal court.  Accordingly, on September 14, 2010, the ALJ dismissed Xie's administrative complaint.

Xie filed the present lawsuit on October 21, 2010.  Hospira filed a motion for summary judgment on December 28, 2010, and Xie filed his Rule 56(d) affidavit on February 23, 2011 arguing that he needed to engage in a significant amount of additional discovery to enable him to respond to Hospira's motion.  Hospira filed a response opposing Xie's request for additional discovery on April 7, 2011.

## Discussion

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate

order." Fed. R. Civ. P. 56(d). Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Lamb's Patio Theatre v. Universal Film Exch.,* 582 F.2d 1068, 1071 (7th Cir. 1978) (quoting *Willmar Poultry Co. v. Morton-Norwich Prod., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)). Rather, a party invoking the rule "must do so in good faith" by showing "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id*. The rule's requirements apply to *pro se* litigants as well as represented parties. *See Hung Nam Tran v. Kriz*, 377 Fed. Appx. 542, 545 (7th Cir. 2010).

Xie brought his retaliation claim pursuant to section 1514A of SOX, which bars an employer from retaliating against an employee for "any lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes" a violation of federal laws or regulations relating to fraud against shareholders. 18 U.S.C. § 1514A(a); *Harp v. Charter Commc'n, Inc.*, 558 F.3d 722, 723 (7th Cir. 2009). "To prevail under this provision, an employee must prove by a preponderance of the evidence that (1) she engaged in protected activity; (2) the employer knew that she engaged in the protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Id*. (internal quotation marks omitted). To satisfy the first part of this test, the employee "must have actually possessed th[e] belief" that the

employer's actions were unlawful, "and that belief must be objectively reasonable." *Id.* Even if the employee can make this prima facie showing, the employer can still prevail "if it can prove by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of that protected behavior." *Id.* (internal quotation marks omitted).

Hospira contends that it is entitled to summary judgment on Xie's retaliation claim for three reasons: first, Xie did not engage in protected activity by providing his rebuttal to Stoll; second, Xie cannot show that his rebuttal was a contributing factor to his discharge; and finally, Begley and Werner cannot be held personally liable as a matter of law. *See* Defs.' Mem. in Supp. of Summ. J. at 4-14. Accordingly, Xie must explain how the discovery he seeks in his affidavit would allow him to raise a genuine issue of fact with respect to these arguments. The Court will address each of his discovery requests in turn.

**1.    Deferred margin journal entries from 2008**

Xie seeks production of "all [of] Hospira's journal entries for miscellaneous Deferred margin Rollup/Rolldown Adjustments from January of 2008 to December of 2008." Aff. of Pl. Yuan Xie Pursuant to Fed. R. Civ. P. 56(f) ¶ 7 ("Affidavit"). He contends that these documents will show that the rollforward file, which initially contained the $6 million error, was a public document that could have misled investors, and not merely an internal file. He also argues that the documents would reveal a pattern of SOX violations by Hagen.

Xie has not shown that he needs these materials to respond to Hospira's motion.

As Hospira notes in its response brief, Xie conceded during his deposition that he was able to resolve the $6 million error on the same day that Hagen asked him to look into it. He also admitted that the rollforward file is an internal, non-public electronic document. Xie has not shown that the journal entries would allow him to contextualize or otherwise explain away these admissions, nor has he explained how they would create a genuine issue of fact as to whether he reasonably believed that the $6 million error constituted a SOX violation.

**2.     Internal controls documents from 2007-2009**

Xie requests various Hospira documents he says will show that Hospira violated its own internal controls practices with respect to SOX.  *See* Affidavit ¶¶ 8, 9, 12. Specifically, Xie argues that he needs these documents to show that Hagen violated SOX by requiring Xie to sign off on certain documents that Hospira's own policies required Hagen or Stoll to sign. Hospira counters that these requests are "merely an attempt to prove an alleged SOX violation which has no bearing on his retaliation complaint" because reporting this alleged violation "was not part of his alleged protected activity." Defs.' Resp. to Pl.'s R. 56 Aff. at 6.

The Court concludes that Xie has met his burden with respect to these documents. As noted above, Xie's rebuttal accused Hagen of two SOX violations, one of which centered on Xie's allegation that Hagen improperly required him to sign off on Hospira's rollforward schedules. The documents Xie requests in paragraphs eight, nine, and twelve of his affidavit appear to the Court to bear directly on this alleged violation. In other words, by showing that the wrong people signed off on these

documents, or that Xie's superiors signed them in 2007 but did not do so in 2008, Xie may be able to establish a genuine issue of fact as to whether he reasonably believed that Hagen violated SOX by requiring him to sign off on the rollforward schedules. Accordingly, the Court will direct Hospira to produce the documents Xie requested in these portions of his affidavit.

3.  **Internal SOX audit materials**

Xie contends that he needs certain internal SOX audit documents "to check whether there were any SOX violations found by Hospira['s] internal auditors from 2007 to 2009, to enhance [his] complaint that Hospira has a pattern of SOX violations." Hospira argues that this document request goes far beyond the scope of Xie's accusations against Hagen. The Court agrees. Even if these documents revealed previously-undiscovered SOX violations, such violations would be entirely distinct from those alleged by Xie in his rebuttal. In other words, any such revelations would not help Xie demonstrate a genuine issue of fact as to whether he had a reasonable basis for reporting Hagen's other alleged SOX violations in March 2009.

4.  **Meeting minutes and other documents regarding the $6 million error**

Xie requests any meeting minutes or other documentation relating to whether Hagen failed to report the $6 million error during a meeting held on the day Xie resolved the error. Xie argues that he needs this evidence because he "believed [Hagen] hid that $6 million issue [during] the review meeting," and "[w]ithout true facts, I can't prepare my responses." Affidavit ¶ 11. Hospira responds that it has no such documents. It also argues that whether Hagen discussed the error during the meeting

has no bearing on Xie's objective or subjective beliefs about whether the error constituted a SOX violation. The Court agrees. Xie admitted during his deposition that he did not attend the meeting and has no personal knowledge of what Hagen may have said. Even if Xie offered evidence to this effect in his summary judgment response, it would not enable him to show a genuine issue of fact as to what he reasonably believed more than two years ago.

5.  **"Transfer pricing" documents**

In paragraphs thirteen through fifteen of his affidavit, Xie seeks production of documents relating to alleged tax avoidance practices by Hospira. In Xie's view, he needs these documents to show that Hospira's accounting practices violate SOX. As noted above, however, it is Xie's rebuttal that is the subject of his retaliation claim. The rebuttal alleged two particular SOX violations, neither of which involved a claimed tax avoidance scheme between Hospira and other entities or governments. Accordingly, the Court agrees with Hospira that Xie has not shown he needs these documents to respond to Hospira's summary judgment arguments.

6.  **Redacted documents**

Xie seeks unredacted copies of ceratin documents Hospira produced during the administrative proceedings before the Department of Labor. Hospira counters that it properly redacted these documents based on the attorney-client privilege. The Court has not been provided with a copy of Hospira's privilege log, which Hospira gave to Xie just one day before filing its response to his Rule 56 affidavit. Xie, however, has not offered any specific reason why Hospira should be compelled to produce unredacted

versions of these documents. Rather, he has merely filed a three-sentence document opposing, in conclusory fashion, Hospira's privilege log (docket no. 28). Xie has not demonstrated that he is entitled to these documents in unredacted form, nor has he met his burden of showing that he reasonably needs them to respond to Hospira's motion for summary judgment.

**7.     Depositions of various Hospira employees**

Xie seeks to depose several officers and employees of Hospira, including its CEO and CFO. Because Xie offers distinct arguments regarding the need for each deposition, the Court will address them separately.

**a.     Christopher Begley**

Xie seeks to depose Christopher Begley, Hospira's CEO, because he "is a named defendant" and "signs Hospira tax returns required by SOX." Affidavit ¶ 23. It appears that Xie wishes to depose Begley to assess his knowledge as to the alleged tax avoidance schemes identified by Xie elsewhere in his affidavit. As discussed above, however, these allegations have no bearing whatsoever on Xie's retaliation claim, which is premised upon Xie's reporting of a separate set of alleged SOX violations. As such, Xie has not demonstrated that he needs to depose Begley in order to respond to Hospira's summary judgment arguments.

**b.     Thomas Werner**

Xie seeks to depose Hospira CFO Thomas Werner to ask him about a broad range of issues, including Werner's role in Xie's termination, his evaluations (if any) of Hospira's internal control processes in 2008 and 2009, and his signing of Hospira's

quarterly financial reports. But Xie's affidavit offers no basis for concluding that Werner's testimony would tend to lead to evidence showing a genuine factual dispute regarding any of the issues at the heart of Xie's retaliation claim. Werner was several steps above Xie in Hospira's chain of authority, and Xie's affidavit does not suggest that Werner was personally involved in the termination decision or that he could be expected to have personal knowledge of any investigation into Hagen's alleged SOX violations. Because Xie's affidavit provides only speculation as to why Werner's testimony would aid him in opposing Hospira's summary judgment motion, Xie has not met his burden under Rule 56(d). *Cf. Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005) (concluding that plaintiffs' request to depose defendants' employees pursuant to Rule 56 was "based on nothing more than mere speculation and would amount to a fishing expedition, which is an entirely improper basis for reversing a district court's decision to deny a Rule 56(f) motion").

  c.  **Mike Chialdikas**

Xie argues that he needs to depose Mike Chialdikas, Hospira's Vice President for Internal Audits, because Chialdikas was responsible for the investigation into Xie's allegations against Hagen. In particular, Xie wishes to ask Chialdikas "why [he] didn't talk to [Xie] when he performed his Hagen SOX violation investigation" and what the "real reasons" were for the lag between Xie's termination and the closure of the investigation. Affidavit ¶ 25. Although Xie has identified several possible lines of questioning that he could pursue in a deposition of Chialdikas, he has not provided any "specified reasons" that Chialdikas's testimony would be "essential" to Xie's summary judgment response. Fed. R. Civ. P. 56(d). At most, Xie appears to be searching for

new evidence of retaliation. This is not grounds for granting a Rule 56(d) motion for additional discovery. *See Davis*, 396 F.3d at 885 (noting that plaintiffs' "apparent hope of finding a proverbial 'smoking gun'" was speculative and insufficient to warrant additional discovery under Rule 56).

  d. **Kim Haughen**

Xie contends that he should be permitted to depose Kim Haughen, Hospira's Vice President for Human Resources, to determine (1) why Haughen refused to accept Xie's April 13, 2009 request for an appeal of his performance review and (2) why Haughen wrote "No Rehire - Performance Not Acceptable" on a form in Xie's personal file following his termination. Affidavit ¶ 26. Xie's affidavit does not explain why Haughen's answers to these questions would enable him to show that there is a genuine issue of fact on his retaliation claim. Neither issue is relevant to whether Xie reasonably believed that Hagen violated SOX, and Xie's apparent hope that Haughen's responses would contain evidence of retaliatory motive is speculative at best. In short, Xie's arguments with respect to Haughen "d[o] not present a genuine and convincing need for further discovery." *Lamb's Patio Theatre*, 582 F.2d at 1071.

  e. **George Basil**

Xie seeks to depose George Basil, an independent consultant who has performed work for Stoll. He alleges that Basil trained him and his colleagues in methods for "creat[ing] false sales without actual physical inventory transactions," which Xie asserts is a violation of SOX. Affidavit ¶ 30. Even if Xie is correct, however, he did not report this violation in his rebuttal, and therefore Basil's testimony would not enable Xie to

show that there is a genuine issue of fact on his retaliation claim.

  **f.**   **An unnamed audit committee member**

Xie seeks to depose an unnamed member of Hospira's audit committee "who had communications with Mike Chialdikas regarding Hagen's SOX violations." Affidavit ¶ 28. He also requests "all documents related to Hagen's SOX violation investigations and reporting." *Id.* Xie argues that he needs these materials "[f]or cross-exam purpose[s]" and to assess how the audit committee investigated his allegations against Hagen. *Id.* Again, however, Xie has not provided specified reasons why he cannot respond to Hospira's summary judgment motion without these materials. Xie must do more than merely speculate as to how the additional discovery might help him. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("A Rule 56(f) motion *must state the reasons* why the party cannot adequately respond to the summary judgment motion without further discovery") (emphasis added).

**8.**   **Deloitte & Touche audit documents**

Xie seeks a subpoena to compel production of certain audit-related documents held by Deloitte & Touche, Hospira's independent auditor. He requests these documents to ensure that Hospira did not alter the audit documents it has already produced and to check for any SOX violations detected by Deloitte. Affidavit ¶ 29. As discussed above, these allegations are irrelevant to whether Xie can establish a genuine issue of fact on his retaliation claim, which is premised upon his reporting of separate alleged SOX violations by Hagen.

9.  **PriceWaterhouseCoopers documents**

Finally, Xie seeks a subpoena for documents from PriceWaterhouseCoopers, a consulting firm that performed work for Hospira, to substantiate his allegation that Hospira engaged in various tax avoidance practices. As discussed above, however, this tax-related allegation is irrelevant to whether Hospira retaliated against Xie for reporting an entirely separate set of alleged SOX violations by Hagen. As such, Xie has not shown that he reasonably requires these documents to prepare his summary judgment response.

**Conclusion**

For the reasons stated above, the Court grants in part plaintiff's request for additional discovery pursuant to Rule 56. The Court orders defendants to produce the documents requested by plaintiff in paragraphs eight, nine, and twelve of his Rule 56 affidavit [docket no. 25], by no later than May 12, 2011. The Court otherwise denies plaintiff's request for discovery. The Court directs plaintiff to respond to defendants' summary judgment motion by June 2, 2011 and directs defendants to reply by June 16, 2011.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 27, 2011